IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny Wayne Langston, | ) C/A No.: 2:14-cv-4536-RMG-MGB |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) **FOR PARTIAL SUMMARY** |
| | ) **DISMISSAL** |
| Georgetown City Police Department, | ) |
| Chief Paul Gardner, and Ofc. Bert Adams, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff Johnny Wayne Langston ("Plaintiff"), proceeding pro se and in forma pauperis, brings this civil action against Defendants Georgetown City Police Department, Chief Paul Gardner, and Officer Bert Adams. (See generally Dkt. No. 1.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. For the reasons that follow, the undersigned recommends that the District Judge dismiss Defendants Georgetown City Police Department and Chief Paul Gardner. In a separately docketed order, the undersigned has authorized service against the remaining Defendant.

### PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint

herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319.

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

As noted above, Plaintiff filed the instant suit against Georgetown City Police Department, Chief Paul Gardner, and Officer Bert Adams. (See generally Dkt. No. 1.) Plaintiff in the instant § 1983 action is a pretrial detainee at the Georgetown County

Detention Center; he alleges that Defendant Adams used excessive force on him while Plaintiff was restrained in the back of a police vehicle. (See Dkt. No. 1 at 3 of 5.) Specifically, Plaintiff alleges that Defendant Adams "grabbed Plaintiff by the throat with excessive force and choked Plaintiff for several seconds until Plaintiff almost passed out." (Id.) Plaintiff asserts he was handcuffed at the time and "could hardly talk and was having trouble swallowing after [the] incident." (Dkt. No. 1 at 4 of 5.) Plaintiff states that he named Chief Paul Gardner as a Defendant because "he's over the Georgetown City Police Department" and named the Georgetown City Police Department as a Defendant because "its [sic] [his] place of employment." (Id.) Plaintiff seeks, inter alia, monetary damages. (Dkt. No. 1 at 5 of 5.)

## DISCUSSION

Defendants Georgetown City Police Department and Chief Paul Gardner should be summarily dismissed. A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Defendant Georgetown City Police Department is not a "person" pursuant to § 1983. See Allison v. Cal. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); see also Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as not subject to suit); Hancock v. Washtenaw County Prosecutor's Office, 548

F. Supp. 1255, 1256 (E.D. Mich. 1982) (concluding that the county prosecutor's office "is not an entity and, therefore, not a person subject to suit under . . . § 1983").

Furthermore, Defendants Georgetown City Police Department and Chief Paul Gardner should be summarily dismissed because the doctrines of vicarious liability and *respondeat superior* are generally not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-29 (4th Cir. 1977); see also Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). In the instant case, Plaintiff states that he included Defendant Gardner because "he's over the Georgetown City Police Department" and that he included Defendant Georgetown City Police Department because "its [sic] [his] place of employment." (Dkt. No. 1 at 4 of 5.) In other words, Plaintiff seeks to hold Defendants Georgetown City Police Department and Chief Paul Gardner responsible pursuant to a theory of *respondeat superior*. Plaintiff's claim as to these two Defendants therefore fails. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."); Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (in a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations.").

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendants Georgetown City Police Department and Chief Paul Gardner be dismissed without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

January 15, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).