**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Johnny Wayne Langston, | ) | C/A No. 2:14-CV-4536-RMG-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Ofc. Birt Adams, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under Title 42, United States Code, Section 1983. The Plaintiff is currently in the custody of Georgetown County, South Carolina and currently housed at the Georgetown County Detention Center. This matter is before the court on the Defendant's Motion for Summary Judgment. (Dkt. No. 40) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## ALLEGED FACTS[1]

Around midnight on the evening of August 11, 2014, the Plaintiff was driving a car and was pulled over by the Georgetown Police Department ("GPD"). The Plaintiff stopped his vehicle at a gas station. The Plaintiff was ordered by multiple officers to raise his hands. He complied and was then taken out of his car, placed on the ground, and handcuffed. The Plaintiff was then placed in the rear passenger seat of a police car. After being placed in the police car, the Plaintiff alleges Defendant Adams "leaned in the vehicle mumbling something,

---

[1] All of the Alleged Facts are taken from pages 3-4 of the Complaint, Dkt. No. 1, unless otherwise indicated.

1

grabbed Plaintiff by the throat with excessive force and choked Plaintiff for several seconds until Plaintiff almost passed out." (Dkt. No. 1 at 3.)

The Plaintiff reported the incident to the GPD. He gave statements to GPD and the State Law Enforcement Division regarding the incident. The Plaintiff was examined by "Dr. Frye" because the Plaintiff alleges he had difficulty talking and breathing after the incident.

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[A]ll evidence must be construed in the light most favorable to the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986). "This court is required to construe *pro se* complaints and petitions liberally." *Stout v. Robnett*, 107 F. Supp. 2d 699, 702 (D.S.C. 2000) (internal quotations and citations omitted). " [P]*ro se* complaints…are held to a less stringent standard than those drafted by attorneys,…and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case." *Id.*

## ANALYSIS

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

> The Plaintiff alleges the Defendant used excessive force during his arrest. (Dkt. No. 1.)
>
> Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake....Because [t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*See Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation marks and citations omitted)); *see also Sawyer v. Asbury*, 537 F. App'x 283, 290 (4th Cir. 2013) ("[C]laims of post-arrest excessive force against an arrestee or pre-trial detainee...are governed by the Due Process Clause of the Fourteenth Amendment, which prohibits before conviction the use of excessive force that amounts to punishment....The proper inquiry is whether the force applied was in a good faith effort to maintain or restore discipline or maliciously and sadistically and for the very purpose of causing harm." (quotation marks and citations omitted)). *De minimus* injury does not

preclude a Plaintiff from asserting a Fourth Amendment excessive force claim. *Smith v. Murphy*, No. 14-1918, 2015 WL 7351758, at *3 (4th Cir. Nov. 20, 2015).

The Defendant argues in support of his Motion for Summary Judgment that the Plaintiff has admitted the allegations in his lawsuit are false. (Dkt. No. 40-1.) The Defendant attached to his motion an affidavit by the Defendant and a letter the Defendant purportedly received from the Plaintiff. (Dkt. Nos. 40-2 & 40-3.) The affidavit states that that the Plaintiff has contacted the Defendant and was told by the Plaintiff "that the allegations in the Complaint are false." (Dkt. No. 40-2.) The affidavit is not specific as to the communications between the parties. The letter purportedly written by the Plaintiff does not appear to deny the allegations in the Complaint. (Dkt. No. 40-3.) The Plaintiff does apparently apologize for bringing the lawsuit and attacking the Defendant's character. (*Id.*) However, the Plaintiff also noted that he needed to show the Defendant mercy. (*Id.*)

In his response to the Defendant's Motion, the Plaintiff maintains the allegations in his Complaint are true. (Dkt. No. 46.) The Plaintiff has produced sufficient evidence that a reasonable jury could find his allegations credible. The court has reviewed the videos of the statements the Plaintiff gave to the GPD and SLED. (Dkt. No. 52.) Both statements are consistent with the alleged facts in the Complaint. The court has reviewed the in-car video of the Plaintiff's arrest. (*Id.*) The video shows the Plaintiff being handcuffed and taken to the police car. The alleged incident is not contained on the video, but audio was captured.[2] On the audio, a brief muffled event is recorded, followed by the Plaintiff apparently asking "what's that for? What are you doing?" (Dkt. No. 52.) The Defendant apparently responds "you hit an old lady in the head." (*Id.*) A reasonable jury could find that the audio of the incident supports the Plaintiff's

---

[2] The audio starts approximately 30 seconds into the video. The video file is entitled "Langston Arrest2" (Dkt. No. 52.)

version of events. This court finds that a genuine issue of material facts exists as whether the Defendant used excessive force during the Plaintiff's arrest. This court recommends the Defendant's Motion for Summary Judgment be denied.

## CONCLUSION

Wherefore, it is RECOMMENDED that Motion for Summary Judgment of Defendant Birt K. Adams (Dkt. No. 40) be DENIED.

IT IS SO RECOMMENDED.

February 24, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).