IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny Wayne Langston, ) | |
| ) | No: 2:14-cv-4536-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Ofc. Bert Adams, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court deny Defendant's motion for summary judgment. (Dkt. No. 54 at 1). Defendant has filed objections to the Magistrate Judge's recommendation. (Dkt. No. 40). For the reasons set forth below, the Court **ADOPTS** the R & R as the order of the Court. Accordingly, Defendant's motion for summary judgment is *denied*.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words,

1

summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 108 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## Background

Plaintiff is an inmate at Georgetown County Detention Center. He brings a claim pursuant to 42 U.S.C. § 1983, alleging that Defendant used excessive force against him while Plaintiff was handcuffed in the back of a police car. (Dkt. No. 1 at 3-4). He specifically alleges that Defendant "grabbed [him] by the throat with excessive force and choked [him] for several seconds until [he] almost passed out." (*Id.* at 3). Plaintiff reported the incident to the Georgetown Police Department and the State Law Enforcement Division. (Dkt. No. 46-2 at 3).

2

Because he alleges he had difficulty talking and breathing after the incident, he was examined by a physician. (Dkt. No. 46-2 at 2).

Defendant subsequently filed a motion for summary judgment, alleging that Plaintiff had recanted the allegations in his complaint in a letter to Defendant. (Dkt. No. 40). Plaintiff filed a response, denying that the letter recanted his allegations and instead maintained the allegations in the Complaint are true. (Dkt. No. 46).

The Magistrate Judge issued an R & R recommending that the Court deny Defendant's motion for summary judgment. (Dkt. No. 54 at 5). Defendant timely filed objections. (Dkt. No. 59).

## Discussion

For the reasons stated in the R & R, the Court agrees with the Magistrate Judge that Plaintiff has produced sufficient evidence such that a reasonable jury could find his allegations credible. (Dkt. No. 54 at 3-5). The facts alleged in the complaint, the videos, and the audio from the incident, when taken together, create a genuine issue of material fact regarding whether Defendant used excessive force. In the light most favorable to Plaintiff, the facts could support a finding of excessive force. Accordingly, summary judgment is not appropriate at this juncture. (Dkt. No. 54 at 4-5). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (in ruling on summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.")

Defendant has filed two objections to the R & R. (Dkt. No. 59). Defendant's first objection asserts that Plaintiff has not provided credible evidence of any injury as a result of Defendant's actions. (Dkt. No. 59 at 4-5). The Court is satisfied that Plaintiff has alleged, at a minimum, a *de minimis* claim for injury based on the alleged choking. *De minimis* injury does

3

not bar a plaintiff from asserting a Fourth Amendment excessive force claim because "the severity of injury resulting from the force used has always been but one consideration in determining whether force was excessive." *Smith v. Murphy*, No. 14-1918, 2015 WL 7351758, at *3 (4th Cir. Nov. 20, 2015) (quoting *Jones v. Buchanan*, 325 F.3d 520, 530 (4th Cir. 2003) (internal quotation marks omitted)). Therefore, Defendant's objection does not change the Count's conclusion that there is sufficient evidence that a reasonable jury could find Plaintiff's allegations credible.

Defendant's second objection to the R & R asserts that Defendant is entitled to qualified immunity. (Dkt. No. 59 at 5-7). The Court disagrees. The most Plaintiff-friendly version of events is that Defendant needlessly choked Plaintiff for several seconds while Plaintiff was already in handcuffs and sitting in the back of a police car. And the question for the factfinder to answer is "whether a reasonable officer would have determined that the degree of force used was justified by the threat presented." *Smith*, 2015 WL 7351758, at *2. If a jury were to find Defendant's use of force to be unreasonable, qualified immunity would not apply because an excessive use of force such as this falls squarely within the ambit of clearly established law. *Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."). Accordingly, Defendant's qualified immunity objection is without merit.

## Conclusion

The Court **ADOPTS** the Magistrate Judge's R & R, (Dkt. No. 54), as the Order of the Court. Accordingly, Defendant's motion for summary judgment (Dkt. No. 40) is *denied*.

**AND IT IS SO ORDERED**

4

*(signature)*

Richard M. Gergel
United States District Court Judge

March 25, 2016
Charleston, South Carolina

5